■ CITY OF POUGHKEEPSIE, Respondent, v JAMES V. CLIFFORD et al., Appellants.—In a proceeding pursuant to Multiple Residence Law § 305, the appeal is from a judgment of the Supreme Court, Dutchess County (Gurahian, J.), entered August 29, 1985, which granted the petitioner's application for authorization to demolish the appellants' building and imposed a lien upon the premises, pursuant to General Municipal Law § 78-b, to cover the costs of demolition.

Judgment reversed, on the facts, with costs to the appellants, petition denied, and the petitioner is directed to comply with a previous order of the same court (Donovan, J.), dated December 6, 1983.

By notice of violation dated September 14, 1982, the Building Inspector of the City of Poughkeepsie informed the appellants that he inspected their building and found it to be a "nuisance". The appellants were ordered to remove the nuisance either by rehabilitation or by demolition of the building within 30 days. Claiming inaction by the appellants, the petitioner, by notice of petition dated March 25, 1983, commenced this proceeding in the Supreme Court, Dutchess County, pursuant to Multiple Residence Law § 305, seeking an order permitting it to demolish the building. The appellants claimed that they had performed limited renovation work on the building and intended to completely renovate it into a six-

family dwelling, but the petitioner would not issue them a building permit to do so since a zoning variance was required. Proceedings on the petition to demolish were stayed pending a determination by the Zoning Board of Appeals of the City of Poughkeepsie on the appellants' application for a variance. The Zoning Board of Appeals granted the variance on October 11, 1983 on condition the appellants secure parking space near the building. The petitioner continued litigating its petition to demolish. By order dated December 6, 1983, Justice Donovan denied such petition in view of "proof that [appellants] have completed substantial repairs to the premises and have succeeded in obtaining a (conditional), zoning variance. In view of the peculiar history between the parties relating to this property, the remedy sought by this petition is overly-drastic and inequitable. [Appellants] shall continue renovation on a reasonable schedule as shall be promptly promulgated by the Building Inspector and, of course, comply with the terms of the variance". The petitioner appealed from this order to this court, and this court affirmed, without opinion, on June 11, 1984 (City of Poughkeepsie v Clifford, 102 AD2d 1019).

By notice of petition dated February 5, 1985, the petitioner renewed its application for authorization to demolish the building. It claimed that since the order of Justice Donovan, "[Appellants] have taken virtually no steps to renovate the property. A recent reinspection of the premises on January 25, 1985 revealed that, other than stripping out of the apartments and the installation of some sheetrock within the building, nothing had been done to restore the property to a habitable dwelling unit".

Moreover, the petitioner alleged that the appellants' inaction caused their variance to expire, since under Poughkeepsie Code § 19-8.7, a variance becomes null and void unless the use for which it was granted actually commences upon the premises within 12 months after the filing of the decision granting the variance. In response, the appellants counterclaimed for relief in the nature of mandamus for the issuance of a building permit to do the necessary work. Although a temporary permit to do limited work was granted on April 3, 1984 (and the appellants performed the preparatory work allowed under this permit), the petitioner never responded to their request for a full, permanent building permit. By October 4, 1984, all the proper data and forms necessary to apply for such a permit had been submitted. At this time the variance was still in effect, and yet the petitioner failed to "promptly

promulgate" a permit and schedules as required by Justice Donovan's order.

By judgment entered August 29, 1985, Justice Gurahian granted the application for authorization to demolish. This appeal ensued.

Upon the record before us, we find that the primary reason for the appellants' failure to renovate their building was the petitioner's delay and ultimate refusal to grant them a building permit for the renovation. Under these circumstances, equitable considerations require us to reverse Justice Gurahian's judgment since the appellants have shown that they made repeated, timely, and proper requests for such a permit. Having thus done all that was legally possible to obtain a permit, they were powerless to proceed any further in complying with Justice Donovan's order until the petitioner granted the necessary permit.

Justice Donovan's order effectively resolved this matter and was still binding on the parties at the time of Justice Gurahian's decision on the renewed application for authorization to demolish. We now hold that based on the above facts, the petitioner failed to comply with Justice Donovan's order as its Building Inspector did not "properly promulgate" a reasonable schedule of renovation by issuing a building permit upon proper application by the appellants. We hereby reverse the judgment of Justice Gurahian, deny the petition, and direct petitioner to comply with the order of Justice Donovan. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.